IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM STOKES LAMAR,<br><br>      Petitioner<br><br>  VS.<br><br>TIMOTHY WARD, WARDEN,<br><br>      Respondent | NO.  5:08-CV-215 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

Petitioner William Stokes Lamar has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent Timothy Ward has answered and filed a motion seeking to dismiss the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Tab #13.  Petitioner Lamar did not file a response to the motion.

### LEGAL STANDARD

The AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

On March 26, 2001, petitioner Lamar was indicted by a Hancock County grand jury for malice murder, felony murder, two counts of aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. At a jury trail held in July, 2001, the petitioner was found guilty of voluntary manslaughter, two counts of aggravated assault, and possession of a firearm during the commission of a crime. Petitioner Lamar was sentenced as a recidivist to a total sentence of 45 years. Petitioner Lamar sought direct appeal. On July 16, 2002, the Georgia Court of Appeals affirmed the petitioner's convictions. See *Lamar v. State*, 256 Ga. App. 567, 568 S.E.2d 837 (2002).

On February 9, 2005, petitioner Lamar filed a **state** habeas corpus petition challenging his convictions. The state habeas corpus court denied relief on September 28, 2006. The petitioner subsequently filed application for a certificate of probable cause to appeal which was denied on March 27, 2007. Thereafter, on June 18, 2008, petitioner Lamar filed the instant federal petition. Respondent Ward responded to the petition and moved to dismiss the same as untimely under the AEDPA.

DISCUSSION

In his motion seeking dismissal, respondent Ward avers that the petitioner's convictions became final on July 26, 2002, the date on which the ten (10) day period for filing a motion for reconsideration or a notice of intent to apply for certiorari to the Georgia Supreme Court expired.[1] According to the respondent, because the petitioner waited until February 9, 2005 to file his **state** habeas action, there was no time left to toll or in which to timely file a federal petition. As such, respondent Ward concludes that the instant petition is clearly untimely and should therefore be dismissed.

---

[1]See Rule 38 of the Georgia Supreme Court's Rules and the Georgia Court of Appeals' Rules.

In view of the above, and after carefully reviewing the record in this case, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's convictions becoming final and the filing of the petitioner's state habeas action totaled two (2) years, six (6) months, and fourteen (14) days.  This amount of time clearly exceeds the one-year period of limitations.   Thus, petitioner Lamar's federal habeas petition is untimely.  Accordingly, the instant motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 27th day of October, 2009



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE